1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PAMELA N.,

                   Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                   Defendant.

Case No. C22-5229-MLP

ORDER

## I.    INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income.
Plaintiff contends the administrative law judge ("ALJ") erred in discounting her testimony and
failing to fully adopt prior credited findings in assessing her residual functional capacity
("RFC"). (Dkt. # 10 at 1.) As discussed below, the Court AFFIRMS the Commissioner's final
decision and DISMISSES the case with prejudice.

## II.    BACKGROUND

Plaintiff was born in 1970, has a high school diploma, and has worked as a caregiver. AR
at 74-75, 273. Plaintiff was last gainfully employed in 2018. *Id.* at 75.

In July 2019, Plaintiff applied for benefits, alleging disability as of April 10, 2019. AR at
242-47. Plaintiff's application was denied initially and on reconsideration, and Plaintiff

ORDER - 1

1  requested a hearing. *Id.* at 148-56, 160-81. After the ALJ conducted a hearing in January 2021

2  (*id.* at 66-90), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 15-27.

3       As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the

4  Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the

5  Commissioner to this Court. (Dkt. # 4.)

6                          **III.   LEGAL STANDARDS**

7       Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social

8  security benefits when the ALJ's findings are based on legal error or not supported by substantial

9  evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a

10  general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the

11  ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)

12  (cited sources omitted). The Court looks to "the record as a whole to determine whether the error

13  alters the outcome of the case." *Id.*

14       "Substantial evidence" is more than a scintilla, less than a preponderance, and is such

15  relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

16  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th

17  Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical

18  testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d

19  1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may

20  neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v.*

21  *Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one

22  rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

23

1

## IV.   DISCUSSION

2

### A.   The ALJ Did Not Harmfully Err in Discounting Plaintiff's Testimony

3      The ALJ summarized Plaintiff's allegations of disabling limitations and explained that

4   she discounted them because: (1) Plaintiff retained the ability to clean, wash dishes, prepare

5   simple meals, use public transportation, spend time with others, shop in stores, independently

6   perform activities of daily living, and take care of others; (2) Plaintiff's back condition improved

7   with conservative treatment; (3) the objective evidence failed to corroborate Plaintiff's allegation

8   of disabling limitations related to joint problems, asthma, deep vein thrombosis, obesity, or

9   mental impairments; and (4) the "current medical evidence" does not support Plaintiff's

10   testimony that she needs to elevate her legs three times per day. AR at 21-23, 25. Absent

11   evidence of malingering, an ALJ must provide clear and convincing reasons to discount a

12   claimant's testimony, and Plaintiff raises several challenges to the ALJ's reasoning here. *See*

13   *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

14      Plaintiff first argues that the ALJ erred in failing to explain why Plaintiff's listed

15   activities either contradict her allegations or demonstrate transferable work skills. (Dkt. # 10 at

16   5-6.) The Court agrees. The ALJ erred in relying on Plaintiff's activities because there is no

17   evidence that Plaintiff performed them in a manner inconsistent with her allegations and the ALJ

18   did not find that they establish the existence of transferable work skills. *See Orn v. Astrue*, 495

19   F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the

20   claimant's testimony or (2) "meet the threshold for transferable work skills"). The Court finds

21   this error harmless, however, in light of the ALJ's other valid reasons to discount Plaintiff's

22   allegations, as discussed *infra*. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155,

23   1162-63 (9th Cir. 2008).

Next, Plaintiff argues that even if her back pain was 90% resolved with medication (AR at 708), some pain still remained. (Dkt. # 10 at 7.) The ALJ's decision does not suggest otherwise. Instead, the ALJ found that the record "does not substantiate disabling back impairments" because the record described Plaintiff's back condition as "mild," the functional findings were mostly normal, and Plaintiff "reported medications controlled the back pain well[.]" AR at 22 (citing *id*. at 708). The ALJ did not find that Plaintiff's pain had been entirely eliminated by medication, and thus Plaintiff has not shown error in the ALJ's decision by pointing to evidence indicating that some pain persisted despite medication.

Lastly, Plaintiff argues that because the record contains recommendations that she elevate her legs, the ALJ erred in suggesting that the evidence did not fully corroborate her testimony that she must elevate her legs three times per day for 20-30 minutes at a time. *See* AR at 21-22, 81. But Plaintiff has not pointed to any evidence, other than her own hearing testimony, identifying such a limitation. *See id*. at 81. A provider's recommendation that Plaintiff should elevate her legs "when resting" or at an unspecified frequency/duration (*see id*. at 406, 647, 756) does not necessarily corroborate Plaintiff's allegation that she must elevate her legs three times per day for 20-30 minutes at a time. Furthermore, none of the physicians that reviewed Plaintiff's records opined that she must elevate her legs. *See id*. at 122-24, 137-38, 744, 746.

To the extent that Plaintiff also argues that the ALJ's findings regarding her back pain do not address her alleged need to elevate her legs (dkt. # 12 at 3), this argument does not identify an error in the ALJ's decision because the ALJ separately addressed Plaintiff's history of deep vein thrombosis. *See* AR at 23. The ALJ summarized the findings related to this condition and explained that Plaintiff treated her venous insufficiency with medication and compression stockings. *Id*. Although, as detailed in the previous paragraph, there are a few recommendations

ORDER - 4

1    in the record that Plaintiff should elevate her legs to some degree, Plaintiff has not identified any

2    evidence in the record that directly corroborates Plaintiff's testimony that she needed to elevate

3    her legs for 20-30 minutes three times per day. Thus, Plaintiff has failed to show that the ALJ

4    erred in discounting Plaintiff's testimony on that issue.

5          Because Plaintiff has failed to identify harmful error in the ALJ's assessment of her

6    allegations, the Court declines to disturb the ALJ's findings in this regard.

7          **B.      Plaintiff has Failed to Establish Harmful Error in the ALJ's Assessment of
              her RFC**
8

9          In a prior administratively final decision denying benefits, the ALJ found that Plaintiff

10   had the RFC to, in relevant part, perform "sedentary work as defined in 20 C.F.R. 416.967(a)

11   except she can lift and/or carry 20 pounds occasionally and 10 pounds frequently, sit for about

12   six hours in an eight-hour workday, and stand and walk for about two hours in an eight-hour

13   workday." AR at 100. In the decision at issue on appeal, the ALJ stated that she adopted the RFC

14   finding from the previous decision because the current evidence did not support any change in

15   Plaintiff's RFC since the time of that decision. *See id*. at 15.

16         Plaintiff argues that the ALJ failed to fully adopt the prior RFC finding because the

17   ALJ's RFC assessment in the current decision is not identical. Specifically, in the current

18   decision, the ALJ found that Plaintiff had the RFC to, in relevant part, perform "light work as

19   defined in 20 C.F.R. 416.967(b) except she can stand and walk about two hours in an eight-hour

20   workday; can sit about six hours in an eight-hour workday[.]" AR at 21. Plaintiff emphasizes that

21   if she had been limited to sedentary work in the current decision, as she had been in the prior

22   decision, she would have been found disabled under the Medical-Vocational Guidelines ("the

23   Grids") due to a change in age category. (Dkt. # 10 at 10.)

ORDER - 5

1        Plaintiff's argument fails for two reasons. First, although it is undisputed that the two

2    RFC assessments are not identical, Plaintiff has not shown that the two RFC assessments are

3    meaningfully different. As argued by the Commissioner (dkt. # 11 at 11), the differences

4    between the wording of the two RFC assessments is insignificant because in both decisions, the

5    ALJ found Plaintiff capable of sitting for approximately six hours per workday, standing/walking

6    approximately two hours per workday; and lifting/carrying 20 pounds occasionally and 10

7    pounds frequently. Whether the ALJ had used the "sedentary" or "light" label is irrelevant

8    because an ALJ is not required to refer to exertional categories in RFC assessments. *See* 20

9    C.F.R. §§ 404.1545, 416.945 (requiring that an RFC assessment define a claimant's work-related

10   abilities on a function-by-function basis, and include a required narrative discussion). An ALJ

11   *may* use an exertional label as a shorthand to describe a claimant's functional abilities, but is not

12   required to do so. *See, e.g.*, *Terry v. Saul*, 998 F.3d 1010 (9th Cir. 2021) (finding that an ALJ's

13   reference to plaintiff's ability to perform "medium work" adequately communicates his ability to

14   stand/walk approximately six hours out of an eight-hour workday); Social Security Ruling

15   ("SSR") 96-8p, 1996 WL 374184, at *1 (Jul. 2, 1996) (finding that only after describing a

16   claimant's work abilities on a function-by-function basis "*may* RFC be expressed in terms of the

17   exertional levels of work, sedentary, light, medium, heavy, and very heavy"). The exertional

18   label is thus neither required nor dispositive, and Plaintiff has not identified a meaningful

19   distinction between the two RFC assessments on the basis of label alone.

20       Plaintiff's argument also fails for a second reason. Plaintiff suggests that if the ALJ had

21   fully adopted the prior RFC assessment for sedentary work, as she purported to do, Plaintiff

22   would have been found disabled via operation of the Grids. (Dkt. # 10 at 10.) But Plaintiff was

23   not limited to "sedentary work" even in the prior RFC assessment. The prior RFC assessment

ORDER - 6

found that Plaintiff could lift/carry 20 pounds occasionally and 10 pounds frequently, which exceeds the lifting/carrying requirements of sedentary work. *See* AR at 100; SSR 83-10, 1983 WL 31251, at *5 (Jan. 1, 1983). Because Plaintiff's exertional abilities fell between sedentary and light work, even as defined in the prior ALJ decision, Plaintiff would not have been entitled to a finding of disability under the Grids even if the prior RFC assessment had been carried over verbatim. *See* SSR 83-12, 1983 WL 31253 (Jan. 1, 1983). The ALJ properly consulted a vocational expert to identify jobs that Plaintiff could perform in the instant case (*see* AR at 26), and did not err in relying on that testimony to find Plaintiff not disabled at step five.

Plaintiff has not established that the ALJ's RFC assessment is erroneous either because it fails to comport with prior adopted findings, or because those prior findings suggest that Plaintiff should have been found disabled under the Grids in the current decision. Accordingly, the Court rejects this assignment of error.

## V.     CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED**, and this case is **DISMISSED** with prejudice.

Dated this 23rd day of September, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 7